## Martin County Bank v. Hoffman.

[No. 14,954. Filed December 7, 1934.]

*Fabius Gwin, Allen, Hastings & Allen,* for appellant.

*Padgett & Rogers, Frank E. Gilkison,* for appellee.

DUDINE, P. J.—Appellee filed suit against appellant and Edgar Witcher, appellant's cashier, to recover for money which appellee alleged that he deposited in appellant bank.

The complaint was in three paragraphs. The first paragraph alleged the deposit of the money, a demand therefor, and a refusal to give the money to appellee. The second paragraph alleged unlawful conversion of the money by appellant and its cashier; the third paragraph was drawn on the theory of money had and received.

Appellant filed an answer in two paragraphs. The first was a general denial. The second admitted the deposit of appellee's money, but alleged that during the time when said deposits were made appellant sold appellee certain securities and the purchase price was charged against appellee's deposit; that appellee had collected partial payments of principal and interest on said securities, "thereby ratifying and confirming" the purchase thereof, and that appellant had fully accounted to appellee for all moneys so deposited.

The cause was tried by a jury which rendered a verdict in favor of appellee and against appellant in the sum of $1,549.12, but found that appellee should recover nothing from appellant's cashier. Judgment was rendered on the verdict.

Appellant duly filed a motion for new trial which was overruled, whereupon appellant perfected this appeal, assigning the court's ruling on said motion as the sole error relied upon for reversal.

The only causes for new trial assigned in the motion therefor, which alleged causes are supported by points,

propositions, and authorities in appellant's brief are that the judgment is, (1) not sustained by sufficient evidence, (2) contrary to law.

There is evidence in the record which shows that appellee was eight-one years old; that he knew appellant's cashier for forty years and did business with appellant "off and on" for many years; that his occupation had been "plumbing repairs, running engines, and janitor work;" that he had confidence in appellant and its cashier; that he asked the cashier for government bonds; that he thought the cashier had purchased government bonds until about four years later, when the cashier informed appellee that he had not bought government bonds for him, but had bought other securities for him, which had decreased in value. The bank had held the bonds for safe-keeping.

Appellant contends that the evidence clearly proved the allegations of its second paragraph of answer, and therefore the verdict is not sustained by sufficient evidence, and is contrary to law.

A general verdict for the plaintiff is in legal effect a finding by the jury against the defendant on the defendant's answers to the complaint. We have read the evidence in the instant case, and find that it is conflicting as to the facts alleged in appellant's second paragraph of answer and that there is some evidence in the record which supports the jury's finding against appellant on its second paragraph of answer; that being true this court will not set aside such finding on account of the insufficiency of the evidence to sustain the verdict.

Appellant calls our attention to evidence which shows that appellee collected payments of principal and interest on said securities, and contends this proves a ratification of the purchase thereof.

Our response to said contention is that there is also evidence in the record which clearly shows that the bank invested appellee's money in securities, collected payments of principal and interest thereon, and re-invested his moneys in securities from time to time for several years, including the collection of principal and interest referred to by appellant, all without consulting appellee, and without his knowledge, and that appellee did not collect any payments of principal or interest on said securities. The evidence last referred to is amply sufficient to sustain a finding that appellee did not ratify the purchase of the securities by collecting and accepting payments of principal and interest on them. The jury, having rendered a verdict for appellee, must have found that appellee did not ratify the purchase of said securities.

We hold that the evidence is sufficient to sustain the verdict on the theory of conversion alleged in the second paragraph of complaint, and that the verdict is not contrary to law. No reversible error having been shown the judgment is affirmed.